Helms v. Rea

---

GLENN E. HELMS v. W. REID REA, ADMINISTRATOR OF THE ESTATE OF MABEL REA, DECEASED

No. 7226SC554

(Filed 2 August 1972)

1. Appeal and Error § 57— findings of fact — review on appeal
   When a case is tried by the judge without a jury, the judge's findings of fact are conclusive on appeal if supported by competent evidence.

2. Rules of Civil Procedure § 41— motion to dismiss counterclaim made at close of all evidence
   In an action by plaintiff to recover for personal injuries alleged to have been received while a passenger in an automobile being negligently operated by the defendant's intestate, the trial court did not

err in dismissing defendant's counterclaim for wrongful death of defendant's intestate at the close of all the evidence, where it appeared from the findings of fact and from the judgment that the plaintiff satisfied the judge by the greater weight of the evidence that the facts were as contended by plaintiff.

APPEAL by defendant from *McLean, Judge,* 14 February 1972 Schedule C Session of Superior Court held in MECKLENBURG County.

This action was instituted by plaintiff to recover for personal injuries alleged to have been received while a passenger in an automobile being negligently operated by the defendant's intestate, which automobile was involved in a one-car accident on 24 December 1968. Defendant filed an answer, incorporating a counterclaim for the wrongful death of defendant's intestate, alleging that defendant's intestate was fatally injured while riding as a passenger in the automobile being negligently operated by plaintiff.

The case was tried before Judge McLean sitting as the finder of the facts, the parties having waived trial by jury pursuant to G.S. 1A-1, Rule 39 (b).

At the close of all the evidence plaintiff made a motion pursuant to G.S. 1A-1, Rule 41 (c) to dismiss defendant's counterclaim. Judge McLean entered an order containing the following:

"AND THE COURT having heard the arguments of counsel for the Plaintiff and Defendant with respect to said Motion, being of the opinion and finding as a fact and concluding as a matter of law that the Defendant has failed to introduce sufficient evidence upon which the Defendant's Counterclaim and any issues arising thereon might be submitted to a jury;

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for involuntary dismissal of the Defendant's Counterclaim be and the same is hereby allowed and the Defendant's Counterclaim is dismissed with prejudice, and the costs in connection with the Defendant's Counterclaim are to be taxed by the Clerk against the Defendant."

Thereafter, Judge McLean entered judgment which, except where quoted, he found substantially as follows: That defend-

ant's intestate was the owner of the vehicle involved in the accident. That the accident occurred on Providence Road at about 4:00 a.m. on 24 December 1968.

"7. That the Mercedes automobile was severely damaged about the right-hand side, including the right front fender, right hand door, right quarter panel and the right side of the roof, there being no damage to the left side of the automobile and the left door being closed.

"8. That following the accident the defendant's intestate was found lying in the roadway with her feet approximately three feet from the right side of the Mercedes automobile, on her back and with her head in a northerly direction, her body being generally parallel with the right of way of the roadway.

"9. That following the accident the plaintiff was found lying with the upper part of his body in the roadway and at about a 45 degree angle from the right side of the automobile, his head in a generally northeasterly direction and his legs from a point between his knees and ankles lying on the floor of the automobile inside the right hand door.

"10. That there were no known witnesses to the occurrence of the accident other than the plaintiff and the defendant's intestate."

Judge McLean then found facts relating to plaintiff's injuries, expenses, lost earnings, and life expectancy. He found facts relating to the injuries and death of defendant's intestate. He then continued:

"16. The defendant's intestate was the operator of the Mercedes automobile at the time of the accident on December 24, 1968.

"17. That the plaintiff was a passenger in said Mercedes automobile at the time of the accident on December 24, 1968.

"18. That the defendant's intestate was negligent in the operation of said Mercedes automobile in the following respects:

(a) That she operated the automobile at a speed that was greater than was reasonable and prudent under the circumstances then and there existing.

(b) That she failed to observe the highway and to keep a proper, reasonable and careful lookout.

(c) That she failed to keep the vehicle under proper control.

"19. That such negligence on the part of the defendant's intestate was the proximate cause of the accident and the injuries and damage suffered by the plaintiff."

Judge McLean then concluded as follows and entered judgment accordingly:

"1. The defendant's intestate, being the operator of the Mercedes automobile at the time of the accident on December 24, 1968, and having operated said Mercedes automobile in a negligent manner, which negligence was the proximate cause of the accident and the injuries to the plaintiff, is liable to the plaintiff for his damages resulting from said accident.

"2. That the plaintiff's damages resulting from the accident were in the amount of $55,249.55."

Defendant appealed.

*Harkey, Faggart, Coira & Fletcher, by Charles F. Coira, Jr., for plaintiff.*

*Ervin, Burroughs & Kornfeld; Craighill, Rendleman & Clarkson, by J. B. Craighill, for defendant.*

BROCK, Judge.

[1] Defendant argues that the trial judge committed error in his findings of fact and committed error in failing to find other facts. It is familiar learning that, when a case is tried by the judge without a jury, the judge's findings of fact are conclusive on appeal if supported by competent evidence. In our view, all of the judge's findings of fact in this case are based upon competent evidence. He made all the findings necessary to resolve the crucial issues, and the findings support the judgment entered. Even if we were inclined to resolve the factual conflict differently, we would not be at liberty to do so.

[2] At the close of all the evidence, plaintiff moved for involuntary dismissal of defendant's counterclaim. This motion was allowed and defendant contends this was error.

At that point of the trial of the case, all of the evidence was before the judge. If the defendant had carried his burden of satisfying the judge (trier of the facts) by the greater weight of the evidence that the facts were as contended by defendant, then surely the judge would not have dismissed the counterclaim. On the other hand, if defendant had failed to carry his burden of so satisfying the judge, it would not matter that the counterclaim was dismissed, because there would be no finding in defendant's favor anyway. From the findings of fact and from the judgment, it is abundantly clear that the plaintiff satisfied the judge by the greater weight of the evidence that the facts were as contended by plaintiff; therefore, whether defendant's counterclaim was dismissed at the close of all the evidence is immaterial. In our opinion, even if we concede there was technical error in dismissing defendant's counterclaim, it was not prejudicial error.

We have reviewed defendant's remaining assignments of error and hold them to be without merit.

No error.

